UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PNC EQUIPMENT FINANCE, LLC,

                    Plaintiff,                              **REPORT AND**
                                                                                **RECOMMENDATION**
                  -against-                              CV 18-5883 (RMM) (ARL)

MONTAUK TRANSPORT SERVICE
INC., et al.,

                    Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by then District Judge Bianco for the purpose of issuing a report and recommendation with regard to PNC Equipment Finance, LLC's ("PNC" or "Plaintiff") motion for damages and other relief.[1] Despite having been served with the motion for a default judgment, Defendants Montauk Transportation Services Inc., Montauk Bus Transportation Group, LLC and John B. Mensch, Jr. (collectively, "Defendants") have not responded. Based upon the evidence submitted, the undersigned respectfully recommends that judgment be entered against Defendants, in favor of Plaintiff as follows: (a) principal and interest on outstanding notes in the amount of $3,804,778.01; (b) interest on the notes from April 15, 2018 through the date of entry of judgment in the amount of $1,156.67 per day; and (c) attorneys' fees and costs in the amount of $2,174.50.

## BACKGROUND

**I.    Procedural Background**

       Plaintiff commenced this action on October 22, 2018, seeking to recover damages resulting from Defendants' breach of a written personal guarantee relating to certain notes

---

[1] This case has since been reassigned to District Judge Mauskopf.

executed by East End Bus Lines, Inc. ("East End"). ECF No. 1. The complaint was served on Defendants Montauk Transportation Services Inc. and Montauk Bus Transportation Group, LLC on October 24, 2018. ECF Nos. 8, 9. The complaint was served on John Mensch, Jr. on October 29, 2018. ECF No. 10. On January 18, 2019, Plaintiff requested the Clerk of the Court to enter a certificate of default. ECF No. 11. The Clerk entered the certificate on January 23, 2019. ECF No. 12. On February 4, 2019, Plaintiff moved for entry of default judgment. ECF No. 13. By Order dated March 18, 2019, Judge Bianco granted Plaintiff's motion for default judgment and referred this matter to undersigned for a determination of damages. ECF No. 16.

In support of its claim for damages, Plaintiff submits the Affirmation of Bryan E. Wolkind, counsel for Plaintiff ("Wolkind Aff."), as well as the Affidavit of David A. Kennedy, vice-president of Plaintiff ("Kennedy Aff."). Plaintiff annexed the underlying documentation in support of its request for damages to the Wolkind Affidavit. *See* Wolkind Aff. Exs. E-M.

## II. Factual Background

On or about June 23, 2016, Element Financial Corp. ("Element")[2] and East End entered into a Term Loan, Guarantee and Security Agreement ("Master Agreement"). Kennedy Aff. ¶ 4. Pursuant to the terms of the Master Agreement, Element and East End agreed that the parties may, from time to time, enter into loan transactions and that any such loans would be governed by the terms of the Master Agreement. *Id.* at ¶ 5. On June 29, 2016, East End entered into Term Note 139801-001 pursuant to which East End promised to pay to Element the principal sum of $2,470,139.33, plus 6% interest ("Note 1"). Wolkind Aff. Exh. F. East End made twenty payments under Note 1 through March 2018, but

---

[2] On June 30, 2016, Element converted into a limited liability company and changed its name to Element Financial LLC. *See* Wolkind Aff. Exh. H. On October 3, 2016, Element Financial LLC changed its name to ECN Financial LLC. *See id.* at Exh. I. Thereafter, on April 3, 2017, ECN Financial LLC, sold to PNC, all of ECN Financial LLC's rights, title and interest in and to the Master Agreement, Note 1 and Note 2. *See id.* at Exh. J.

2

thereafter defaulted under the Master Agreement and Note 1 by failing to make the payment due on April 15, 2018 and by failing to make any further payments. *See* Kennedy Aff. ¶ 11; Wolkind Aff. Exh. K. In light of East End's default, Plaintiff elected, pursuant to Note 1 and paragraph 7.2 of the Master Agreement, to accelerate all of the obligations of East End under Note 1.

Following the acceleration, East End owed PNC the remaining principal balance on Note 1 of $1,708,998.04, plus accrued interest (calculated at 6% from March 16, 2018 through April 15, 2018) of $8,708.87. Kennedy Aff. ¶ 16. Pursuant to paragraph 1.5(c) of the Master Agreement and Note 1, in the event of a default by East End, the interest rate applicable to Note 1 was to be increased by 5%. *Id.* at ¶ 17. Accordingly, Plaintiff here is seeking 11% interest on $1,708,998.04 from April 16, 2018 until paid (the 6% required by paragraph 1.5(a) of the Master Agreement, plus an additional 5% as set forth in paragraph 1.5(c)). *Id.* at ¶ 18.

On or about August 9, 2016, East End executed Term Note 139801-002 pursuant to which East End borrowed $3,016,176.00, plus interest at 6% ("Note 2"). Wolkind Aff. Exh. G. East End made nineteen payments under Note 2 through March of 2018, but thereafter defaulted under the Master Agreement and Note 2 by failing to make the payment due on April 15, 2018 and by failing to make any further payments. *See* Kennedy Aff. ¶14, Wolkind Aff. Exh. L. In light of East End's default, Plaintiff elected, pursuant to Note 2 and paragraph 7.2 of the Master Agreement, to accelerate all of the obligations of East End under Note 2. Kennedy Aff. ¶ 15.

Following the acceleration, East End owed PNC the remaining principal balance under Note 2 of $2,076,489.54, plus accrued interest (calculated at 6% from March 16, 2018 through April 15, 2018) of $10,581.56. *Id.* at ¶ 16. As described above, in the event of a default by East End on Note 2, the interest rate applicable to Note 2 was increased by 5%. *Id.*

3

at ¶ 19. Accordingly, Plaintiff is seeking 11% interest on $2,076,489.54 from April 16, 2018 until paid. *Id.* at ¶ 20.

Pursuant to Note 1, Note 2 and paragraph 9.2 of the Master Agreement, in the event of a default by East End, Plaintiff is entitled to recover from East End all costs and expenses incurred by Plaintiff in connection with enforcing its rights under Note 1, Note 2 and the Master Agreement plus reasonable attorneys' fees. *Id.* at ¶ 21. Pursuant to these provisions, Plaintiff is claiming that East End is indebted to Plaintiff for all costs and expenses incurred by PNC in connection with enforcing its rights under Note 1, Note 2 and the Master Agreement and collecting amounts due and owing under Note 1, Note 2 and the Master Agreement, plus reasonable attorneys' fees incurred in connection with this lawsuit. *Id.* at ¶ 22.

Once the obligation of East End to Plaintiff is established, Plaintiff argues that pursuant to the terms of the Master Agreement, Defendants are unconditionally obligated to pay East End's obligations under the Master Agreement, Note 1 and Note 2. Wolkind Aff. Exh. E. Defendants, along with others, are defined as "Guarantors" in the preamble to the Master Agreement and the terms of the guarantee are set forth in paragraph 10 of the Master Agreement. *See* Wolkind Aff. Exh. E ¶10. Pursuant to the terms of the guarantee, Defendants obligations are "absolute, irrevocable and unconditional, joint and several." *Id.* Plaintiff has demanded payment from Defendants under the Master Agreement, Note 1, Note 2 and the guarantee, but no payment has been received. Kennedy Aff. ¶ 24.

Accordingly, Plaintiff claims Defendants are jointly, severally and unconditionally liable to Plaintiff for $1,708,998.04, plus accrued interest calculated at 6% from April 16, 2018 through April 15, 2018 in the amount of $8,708.87, plus interest on $1,708,998.04 at 11% from April 16, 2018 through the date on which judgment is entered, as well as $2,076,489.54, plus accrued interest of $10,581.56, plus interest on $2,076,489.54 at 11% from April 16, 2018 through the date on which judgment is entered, along with all costs,

4

expenses and attorneys' fees incurred by Plaintiff in connection with enforcing its rights. *Id.* at ¶ 25.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); see also *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 U.S. Dist. LEXIS 72789, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, a default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

Plaintiff asserts a claim for breach of a guarantee. Under New York law, the elements of a claim for breach of guarantee are: "(1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt." *Merch. Cash & Capital, LLC v. Haute Soc'y. Fashion, Inc.*, 16-CV-2696 (ILG), 2017 U.S. Dist. LEXIS 104821, 2017 WL 2912452, at *2 (E.D.N.Y. July 6, 2017) (citation omitted); *Merch. Cash & Capital LLC v. Edgewood Grp., LLC*, No. 14cv03497 (JGK) (DF), 2015 U.S. Dist. LEXIS 94162, at *32, 2015 WL 4430643 (S.D.N.Y. July 2, 2015). Each of the elements have been satisfied, and, therefore, the Court turns to the issue of damages.

"Because the principle amount sought by the plaintiff is a sum certain, a detailed analysis of damages is unnecessary." *Thibodeau v. Pinnacle FX Invs.*, No. CV 08-1662 (JFB)(ARL), 2009 U.S. Dist. LEXIS 113221 (E.D.N.Y. Sept. 14, 2009). Here, Plaintiff alleges that East End borrowed $2,470,139.33 under Note 1 and $3,016,176.00 under Note 2 and has provided notes signed by the borrower East End as evidence of the debt. *See* Wolkind Aff. Exhs. F & G. According to an affidavit submitted by David Kennedy, vice president of PNC, all payments from East End stopped in April 2018, leaving an outstanding principal balance on Note 1 of $1,708,998.04 and an outstanding principal balance on Note 2 of $2,076,489.54. *See* Kennedy Aff. ¶¶ 11-20. Interest on both notes was set at 6% per year pursuant to the terms of the notes. *See* Wolkind Aff. Exhs. F & G. Interest for the period March 16, 2018 through April 15, 2018 amounted to $8,708.87 on Note 1 and $10,581.56 on Note 2. *See* Kennedy Aff. ¶¶ 13, 16. Pursuant to Paragraph 1.5 (c) of the Master Agreement, "upon the occurrence of an Event of Default the interest rate applicable to the Loan shall automatically by increased by" 5%. Wolkind Aff. Exh. E. Thus, as set forth in the affidavit of David Kennedy interest on Note 1 will accrue at $522.19 per day from April 16, 2018 through entry of judgment and interest on Note 2 shall accrue at $634.48 per day from April 16, 2018 through entry of judgment.

Pursuant to the terms of the Master Agreement, Defendants are unconditionally obligated to pay East End's obligations under the Master Agreement, Note 1 and Note 2. Wolkind Aff. Exh. E. Thus, it is respectfully recommended that Defendants be found jointly and severally liable for principal payments of $3,785,487.58 on Notes 1 and 2, interest payments of $19,290.43 for the period March 16, 2018 through April 15, 2018 and interest payments of $1,156.67 per day for the period April 16, 2018 through the date judgment is entered.

Plaintiff also seeks attorneys' fees in the amount of $4,132.50. The Master Agreement provides that in the event of default, the Guarantors shall be responsible for costs and expenses

6

incurred in collecting amounts owed along with reasonable attorneys' fees. Wolkind Aff. ¶ 9. Nevertheless, "[t]he party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged." *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 FB RER, 2015 U.S. Dist. LEXIS 93382 (E.D.N.Y. Apr. 17, 2015).

Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue*, 559 U.S. 542)).

Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk*, No. 01-CV-6716, 2012 U.S. Dist. LEXIS 127143, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims") (quoting *Hensley*, 461 U.S. at 437). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S. Ct. 1933, and in dealing with such surplusage, the court has discretion simply to deduct a

7

reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application'." *Kirsch*, 148 F.3d at 173 (quoting *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates. *See Castcapa Constr., LLC v. TMB Servs., L.L.C*, No. 17-CV-1023 (NGG) (SJB), 2018 U.S. Dist. LEXIS 14833, 2018 WL 623546 (E.D.N.Y. Jan. 30, 2018) (Junior associates are "typically compensated at between $100 to $200 per hour"); *Thomas v. City of New York*, No. 14 CV 7513, 2017 U.S. Dist. LEXIS 199235, 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District."); *Smart v. City of New York*, No. 15 CV 1405, 2017 U.S. Dist. LEXIS 24602, 2017 WL 933080, at *3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 33221, 2017 WL 928472 (E.D.N.Y. Mar. 8, 2017). Here, Plaintiff has requested reimbursement at the rate of $285 per hour. The invoice provided by Plaintiff does not contain any information regarding the legal professionals whose services were used to prosecute this case. In his affidavit, Attorney Wolkind states, "the undersigned has spent in well excess [sic] of 14.5 hours performing legal services relating to the within matter." Wolkind Aff. ¶ 11. The Court will presume the Attorney Wolkind is the attorney who performed the services described in the attached invoice. While Plaintiff has failed to provided background information on the attorney who performed services for the Plaintiff an internet search for Peter Bradley Foster reveals he has been admitted to practice in the Eastern District of New York since 1998 and that his practice consists of representing

8

equipment finance companies and their lenders in litigation. The rate requested for this attorney is in line with the guidelines set forth above.

Having determined the reasonable hourly rates to be used in this case, the Court now turns to the reasonableness of the hours billed in this matter. "The number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v. Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 U.S. Dist. LEXIS 106528, 2010 WL 3940448, at *16 (E.D.N.Y. Aug.12, 2010) (citing *Labarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 U.S. Dist. LEXIS 7072, 2009 WL 245021, at *4 (E.D.N.Y. Feb. 2, 2009)). Plaintiff submits an invoice for 5.1 hours itemizing the time and services expended in this case. *See* Wolkind Aff. Exh M. The undersigned finds this time reasonable. Accordingly, the Court reports and recommends that Plaintiff be awarded attorneys' fees in the amount of $1,453.50 ($285 multiplied by 5.1 hours).

With regard to Plaintiff's request for an additional 9.4 hours which are unbilled and/or anticipated legal fees, however, the Court recommends that such request be denied with leave to renew. "Courts in this District . . . typically do not award fees before they are incurred." *CIT Bank, N.A. v. Ayers*, No. 15-cv-7256 (JFB)(SIL), 2017 U.S. Dist. LEXIS 201029, 2017 WL 6816486 (E.D.N.Y. Dec. 5, 2017); *see also CIT Bank, N.A. v. Gordon, No.* 17-cv-3972 (ADS) (GRB), 2018 U.S. Dist. LEXIS 149777 (E.D.N.Y. Aug. 20, 2018)("plaintiff's request for anticipated fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation after such fees are actually incurred"); *Merch. Cash & Capital, LLC v. Progressive Rent A Car, Inc.*, 16 Civ. 3720 (AMD) (VMS), 2018 U.S. Dist. LEXIS 139095, 2018 WL 4268908 (E.D.N.Y. Aug. 15, 2018) ("Plaintiff has not submitted billing records for the preparation of the instant motion and, as a result, is not awarded any attorney's fees for that time"). "The Court declines to recommend . . . attorney's fees not yet incurred, or estimated to have been incurred but not itemized, as there is no factual or legal basis to charge Defendants for services that are hypothetical or

unsupported." *Merch. Cash & Capital,* 2018 U.S. Dist. LEXIS 139095. Plaintiff may file a motion to amend the judgment to seek additional attorney's fees after the fees are billed and incurred. *See SDF9 COBKLLC v. AF & NR LLC,* No. 12-cv-3078, 2014 U.S. Dist. LEXIS 120390, 2014 WL 4244296, at *3 (E.D.N.Y. Aug. 26, 2014); *see also E. Sav. Bank, FSB v. Strez,* No. 11-cv-1543, 2013 U.S. Dist. LEXIS 180189, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) ("[T]he Court cannot recommend that plaintiff be awarded attorneys' fees that have not yet been earned.")

Plaintiff has also requested reimbursement of costs of $721.00. "[A]ttorneys' fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis,* No. 08-CV-9681 (GBD), 2015 U.S. Dist. LEXIS 36744, 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998)). "Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." *Mendoza v. CGY & J Corp.,* 2017 U.S. Dist. LEXIS 171710 (citing *Abel v. Town Sports Int'l, LLC,* No. 09-CV-10388 (DF), 2012 U.S. Dist. LEXIS 183444, 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012)). Here, Plaintiff has provided an invoice from Foster & Wolkind, P.C. detailing the charges. Wolkind Aff. Ex. M. Plaintiff seeks reimbursement for costs totaling $721.00: $400.00 for the court filing fee, $265.00 for service of process, and $56.00 for bankruptcy submissions.

Accordingly, the undersigned respectfully recommends Plaintiff be awarded costs in the amount of $721.00.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
            December 16, 2019

                                                                            _____/s/_____
                                                                            ARLENE R. LINDSAY
                                                                            United States Magistrate Judge